UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

KATHRYN JORDAN, *pro se*,                                    :
                                                             :
                    Plaintiff,                               :
                                                             :        Case No. 09-cv-10616 (DAB)(THK)
            -against-                                         :
                                                             :        *Electronically Filed Document*
JUDGE JONATHAN LIPPMAN, JUDGE JUDITH KAYE, :
JUDGE LUIS GONZALEZ, JUDGE ROLANDO T.                        :
ACOSTA, JUDGE JAMES CATTERSON, JUDGE                         :
DAVID FRIEDMAN, JUDGE JOSEPH P. SULLIVAN,                    :
JUDGE PETER TOM, MARCY FRIEDMAN, JUDGE                       :
SHIRA S. SCHEINDLIN, JUDGE GEORGE P. DANIELS,:
JUDGE GERARD LYNCH, JUDGE RONALD ELLIS,                      :
SECOND CIRCUIT COURT OF APPEALS (c/o JUDGE                   :
RALPH WINTER & CLERK OF COURT), NEW YORK                     :
COMMISSION ON JUDICIAL CONDUCT, NEW YORK                     :
COUNTY CLERK, GREGORY HOMER, DONALD                          :
BESHADA, DRINKER BIDDLE & REATH LLP,                         :
KENNETH GAGE, PAUL HASTINGS, LAURENCE                        :
LEBOWITZ, KLEIN ZELLMAN, GARY PHELAN,                        :
WAYNE OUTTEN, OUTTEN & GOLDEN, DAVID M.                      :
FISH, ROSEN LEFF, VERIZON, GENERAL COUNSEL, :
WPP, GENERAL COUNSEL,                                        :
                                                             :
                    Defendants.                              :
                                                             x

-------------------------------------------------------------

**MEMORANDUM OF LAW OF THE DBR DEFENDANTS AND BATES
IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

DRINKER BIDDLE & REATH LLP
Robert M. Leonard
140 Broadway, 39th Floor
New York, NY 10005-1116
Tel:  (212) 248-3140
Fax: (212) 248-3141
robert.leonard@dbr.com
*Attorneys for Defendants Gregory Homer,*
*Donald Beshada, Drinker Biddle & Reath LLP,*
*Bates Advertising USA, Inc., and Bates Advertising*
*Holdings, Inc. f/k/a AC&R Advertising, Inc.,*
*(improperly plead as "WPP, General Counsel," a*
*non-existent entity)*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ........................................................................................... 1

STATEMENT OF FACTS ................................................................................. 2

LEGAL STANDARDS ..................................................................................... 4

LEGAL ARGUMENT ...................................................................................... 5

    POINT I:  COUNTS I AND IV  MUST BE DISMISSED BECAUSE
    PLAINTIFF'S ALLEGATIONS ARE ENTIRELY SPECULATIVE AND
    BECAUSE  PLAINTIFF DOES NOT HAVE A PRIVATE RIGHT OF ACTION
    UNDER THE CRIMINAL STATUTES ................................................................ 5

    POINT II:  COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF HAS
    FAILED TO PLEAD FRAUD WITH PARTICULARITY AND THIS COURT
    LACKS JURISDICTION TO HEAR THIS CLAIM ................................................ 8

        A.  Plaintiff has Failed to Plead Fraud with Particularity ................................... 8

        B.  Plaintiff's Conspiracy Claim is Barred by the Doctrine of Res
            Judicata .......................................................................................... 9

        C.  This Court Lacks Subject Matter Jurisdiction Over the Conspiracy
            Claim ............................................................................................. 10

    POINT III:  COUNT III MUST BE DISMISSED BECAUSE PLAINTIFF HAS
    FAILED TO ALLEGE ANY FACTS THAT WOULD SUPPORT A FIRST
    AMENDMENT CLAIM AGAINST THE DBR DEFENDANTS OR BATES ............. 11

    POINT IV:  THE FIFTH COUNT OF PLAINTIFF'S COMPLAINT MUST BE
    DISMISSED UNDER THE ROOKER-FELDMAN DOCTRINE AND
    BECAUSE PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE RICO CLAIM ........... 12

        A.  Plaintiff's RICO Claim is Barred By Rooker-Feldman Doctrine ................. 12

        B.  Plaintiff Has Failed to Allege Facts to Support a RICO Claim .................... 13

    POINT V:  THE SIXTH COUNT OF PLAINTIFF'S COMPLAINT MUST BE
    DISMISSED BECAUSE PLAINTIFF CANNOT OBTAIN REVIEW OF HER
    STATE EMPLOYMENT DISCRIMINATION CLAIMS IN THIS FORUM ............... 14

# TABLE OF CONTENTS
(continued)

**Page**

POINT VI:  COUNT VII MUST BE DISMISSED BECAUSE PLAINTIFF
CANNOT MAINTAIN A CONVERSION CLAIM UNDER NEW YORK LAW ....... 15

POINT VII:  COUNT VIII OF THE COMPLAINT MUST BE DISMISSED
BECAUSE THERE IS NO PRIVATE CAUSE OF ACTION UNDER THE NEW
YORK JUDICIAL  CODE OR THE CODE OF PROFESSIONAL CONDUCT .......... 16

POINT VIII:  PLAINTIFF HAS NOT ALLEGED A DUE PROCESS CLAIM
OR A DEFAMATION CLAIM AGAINST THE DBR DEFENDANTS OR
BATES .................................................................................................................... 17

CONCLUSION .................................................................................................................. 18

## TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

*Atlantic Gypsum Co. v. Lloyds International Corp.*,
753 F. Supp. 505 (S.D.N.Y. 1990) ...............................................................13

*Board of Managers of the195 Hudson St. Condo. v. Jeffrey M. Brown Associates*,
652 F. Supp. 2d 463 (S.D.N.Y. 2009).............................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................5, 6

*Carpenter v. Young*,
2005 WL 1364787 (E.D. Pa. June 1, 2005) ....................................................7

*In re Coleman*,
2010 WL 189984 (2d Cir. Jan. 19, 2010) .....................................................16

*Colony at Holbrook, Inc. v. Strata G.C., Inc.*,
928 F. Supp. 1224 (E.D.N.Y. 1996) ..............................................................9

*Conopco, Inc. v. Roll International*,
231 F.3d 82 (2d Cir. 2000)............................................................................9

*Daigneault v. Judicial Branch*,
2009 WL 368485 (2d Cir. Feb. 17, 2009).....................................................14

*Doe v. Cuomo*,
2009 U.S. Dist. LEXIS 90006 (S.D.N.Y. Sept. 29, 2009)..................................7

*Dugar v. Coughlin*,
613 F. Supp. 849 (S.D.N.Y. 1985) .................................................................7

*Global Network Communs., Inc. v. City of New York*,
458 F.3d 150 (2d Cir. 2006)..........................................................................5

*Johnson v. Smithsonian Institute*,
189 F.3d 180 (2d Cir. 1999)........................................................................10

*Jordan v. Bates Advertising Holdings, Inc.*,
1999 WL 595669 (S.D.N.Y. Aug. 9, 1991)......................................................3

*Jordan v. Bates Advertising Holdings, Inc.,*,
2001 WL 138409 (2d Cir. Feb. 16, 2001).......................................................3

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Kantor v. Bernstein,*
    225 A.D.2d 500, 640 N.Y.S.2d 40 (1st Dep't 1996)...........................................................17

*Kirschner v. Bennett,*
    648 F. Supp. 2d 525 (S.D.N.Y. 2009) ...........................................................15

*Leeke v. Timmerman,*
    454 U.S. 83 (1981)...........................................................7

*Loce v. Time Warner Entertainment Advance/Newhouse Pshp.,*
    191 F.3d 256 (2d Cir. 1999)...........................................................11

*Maier v. Phillips,*
    2000 WL 234453 (2d Cir. Feb. 1, 2000)...........................................................7

*Makarova v. United States,*
    201 F.3d 110 (2d Cir. 2000)...........................................................4

*McPherson v. Coombe,*
    174 F.3d 276 (2d Cir. 1999)...........................................................5

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation,*
    379 F. Supp. 2d 348 (S.D.N.Y. 2005)...........................................................8

*Mills v. Luplow,*
    2009 WL 2606240 (W.D.N.Y. Mar. 31, 2009)...........................................................7

*Minnelli v. Soumayah,*
    A.D.3d 388, 839 N.Y.S.2d 727 (1st Dep't 2007)...........................................................8

*Moreno v. Curry,*
    2007 WL 4467580 (5th Cir. Dec. 20, 2007)...........................................................7

*Moses v. Martin,*
    360 F. Supp. 2d 533 (S.D.N.Y. 2004)...........................................................15

*Moss v. Morgan Stanley,*
    719 F.2d 5 (2d Cir. 1983)...........................................................13

*Pennsylvania Association of Edwards Heirs v. Rightenour,*
    235 F.3d 839 (3d Cir. 2000)...........................................................7

# TABLE OF AUTHORITIES
(continued)

**Page**

*Pharr v. Evergreen Garden, Inc.*,
    2005 WL 181617 (2d Cir. Jan. 25, 2005) .......................................................12

*Philip Morris, Inc. v. Grinnell Lithographic Co.*,
    67 F. Supp. 2d 126 (E.D.N.Y. 1999) ...............................................................7

*Ray v. Proxmire*,
    581 F.2d 998 (D.C. Cir. 1978), <u>cert. denied</u>, 439 U.S. 933 (1978)...................7

*Reilly v. Reid*,
    45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978)...............................10

*Romano v. Romano*,
    A.D.3d 430, 767 N.Y.S.2d 841 (2d Dep't 2003)............................................8, 9

*S.E.C. v. Lyon*,
    529 F. Supp. 2d 444 (S.D.N.Y. 2007).............................................................5

*Sedima, S.P.R.L. v. Imrex Co.*,
    473 U.S. 479 (1985)......................................................................................13

*Sokol v. Addison*,
    293 A.D.2d 600, 742 N.Y.S.2d 311 (2d Dep't 2002).....................................8, 9

*Thyroff v. Nationwide Mutual Insurance Co.*,
    460 F.3d 400 (2d Cir. 2006)...........................................................................15

*U.S. ex rel. Taylor v. Gabelli*,
    345 F. Supp. 2d 313 (S.D.N.Y. 2004)..............................................................8

*Valle v. YMCA of Greater N.Y.*,
    2006 WL 2571946 (S.D.N.Y. July 6, 2006) ...................................................11

*Vicon Fiber Optics Corp. v. Scrivo*,
    201 F. Supp. 2d 216 (S.D.N.Y. 2002)..............................................................14

*Walker v. Daines*,
    2009 WL 2182387 (E.D.N.Y. July 21, 2009) ..................................................11

*Weintraub v. Phillips, Nizer, Benjamin, Krim, & Ballon*,
    172 A.D.2d 254, 568 N.Y.S.2d 84 (1st Dep't 1991).......................................17

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Weizmann Institute of Sci. v. Neschis*,
      229 F. Supp. 2d 234 (S.D.N.Y. 2002)..............................................................................13

*Wojtczak v. Safeco Property & Casualty Insurance Companies*,
      2009 WL 3733049 (W.D.N.Y. Nov. 5, 2009) .................................................................6

Defendants Gregory Homer, Donald Beshada, and Drinker Biddle & Reath LLP (collectively referred to herein as "DBR Defendants"), through their undersigned counsel, submit this memorandum in support of their motion to dismiss with prejudice all of Plaintiff's claims against the DBR Defendants, as well as any claims Plaintiff is seeking to assert against the entity mistakenly named as a defendant in the caption of the Complaint as "WPP, General Counsel."[1]

## INTRODUCTION

Unhappy with (i) the results of her employment discrimination lawsuit against a prior employer and a related company (wherein the defendant companies[2] were represented by the DBR Defendants), (ii) the results of a separate lawsuit against another former employer Verizon Communications), and (iii) the fate of her malpractice claims against three of her former attorneys who represented her in those two lawsuits, Plaintiff Kathryn Jordan, pro se, has filed a 53-page complaint in this Court which asserts ten causes of action against 28 different defendants. Plaintiff blames the adverse results in her underlying discrimination lawsuits on an alleged "case fixing" conspiracy perpetrated over the last fifteen years by her attorneys, her former employers and their legal counsel, numerous federal and state judges, and the

---

[1] There is no such entity as "WPP, General Counsel," it is not a proper Defendant in this action and, not surprisingly, it has never been properly served with the summons and Complaint. Indeed, Plaintiff's Complaint is almost entirely devoid of any factual allegations relating to this entity  This entity is not listed in paragraph 2 of the complaint (which purports to lists the Defendants in this lawsuit) and, throughout Plaintiff's entire 53-page Complaint,  it is mentioned only nine times. Even on those nine occasions, the entity is not referenced regarding any allegations capable of stating an actionable claim. Meanwhile, Plaintiff's Complaint allegations repeatedly reference "Bates" and "Bates Advertising."  Apparently, Plaintiff mistakenly seems to believe that "WPP" is the successor entity to Bates (defined infra note 2).  See footnote 1 to Plaintiff's Complaint where she conflates the two entities into "WPP/Bates."    Accordingly, for purposes of this motion, it is assumed that Plaintiff meant to name Bates as a defendant in this action.  Based on that assumption, and for the limited purposes of this motion, this motion is made on behalf of Bates (which likewise has not been properly served) as well as the DBR Defendants.

[2] The companies that the DBR Defendants represented in that underlying discrimination lawsuit were Bates Advertising Holdings, Inc., f/k/a AC&R Advertising, Inc, and Bates Advertising USA, Inc. (collectively referred to herein as "Bates").

Commission on Judicial Conduct. Among other things, Plaintiff accuses the Defendants of being an organized criminal enterprise; perpetrating criminal acts against her; conspiring to defraud her, the people of New York, and the United States Government; violating her rights under the Constitution and federal discrimination laws; conversion under New York law; and violating the Judicial and Professional Codes of Conduct. In terms of relief, Plaintiff seeks damages in excess of $100 million, the institution of impeachment proceedings against all judges named as defendants, the immediate removal of Jonathan Lippman, Chief Justice of the State of New York, the vacating of the final judgments entered in Plaintiff's underlying discrimination lawsuits against Bates and Verizon Communications, disbarment of all attorneys named as Defendants, replacement of the leadership of the New York County Clerk's office, and appointment of a new Judicial Reform Commission.

As demonstrated below, Plaintiff's claims against the DBR Defendants (as well as any claims set forth in the Complaint against the Defendant denominated as "WPP, General Counsel") must be dismissed as a matter of law because amongst other reasons, Plaintiff: (1) is improperly attempting to obtain federal court review of final decisions previously rendered by the New York state courts; (2) cannot bring private actions against these Defendants under criminal statutes or the codes of conduct; (3) has failed to plead fraud with particularity; (4) cannot bring constitutional claims against private actors such as these Defendants; (5) cannot maintain a conversion claim under New York law; and (6) has failed to assert a valid claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

## STATEMENT OF FACTS

Plaintiff pro se Kathryn Jordan is no stranger to litigation. On August 2, 1996, Ms. Jordan filed an action against Bates in the U.S. District Court for the Southern District of New York, alleging that she had been terminated from employment on the basis of her age, gender

and disability in violation of federal and New York law.  The District Court granted summary judgment to Bates on Jordan's federal discrimination claims, holding (among other things) that Jordan had failed to prove that the reasons for her termination articulated by her former employer were false.  Jordan v. Bates Adver. Holdings, Inc., 1999 WL 595669 (S.D.N.Y. Aug. 9, 1991), 16 NDLR P 77.  Jordan's state-law claims were dismissed without prejudice.  The Second Circuit affirmed.  Jordan v. Bates Adver. Holdings, Inc., 4 Fed. Appx. 73, 2001 WL 138409 (2d Cir. Feb. 16, 2001).

Following the District Court's grant of summary judgment for Bates, Jordan filed an action in the Supreme Court of the State of New York, County of New York, alleging that Bates had discriminated against her on the basis of her age, gender and disability in violation of the New York State and New York City Human Rights Laws.[3]  See Plaintiff's Complaint, General Allegations, ¶ 1.  Bates was represented in that proceeding by Gregory Homer, Esq., Donald Beshada, Esq., and Drinker Biddle & Reath LLP.  Id. at n.1.  Plaintiff was represented by Laurence Lebowitz, Esq. and the case was tried before Honorable Judge Rolando T. Acosta in New York Supreme Court, New York County.  Id. at ¶10, pp. 14-15.  The trial court entered a judgment in favor of Plaintiff.  However, on appeal, the First Department of the Appellate Division unanimously reversed and entered judgment for Bates.  The Court of Appeals declined to hear the matter.  Id. at ¶ 10, pp. 15-16.  Judges Jonathan Lippman, James Catterson, David Friedman, Joseph Sullivan, and Luis Gonzalez were members of the First Department panel that reversed the judgment in favor of Plaintiff.  Id. at ¶ 10, p. 14.

---

[3] *Kathryn Jordan v. Bates Advertising et al.*, Index No. 118785-99.

In 2002, Plaintiff filed a separate discrimination case against another of her employers (Verizon Communications) in the Federal District Court for the Southern District of New York. Id. at ¶12, pp. 18-19.  The matter was before Honorable Judge Shira Scheindlin.  Id. at ¶ 12, p. 18.  Plaintiff alleges that she was coerced into a disadvantageous settlement by Judge Scheindlin and Plaintiff's own attorneys.  Id. at ¶ 12, p. 19.  The Second Circuit denied her appeal seeking to vacate the settlement.  Id. at ¶ 12, p. 20.

In addition to her underlying discrimination lawsuits against Bates and Verizon, Plaintiff also filed malpractice suits against several of the attorneys who had represented her in those underlying lawsuits.  Id. at ¶ 11 p. 17.[4]  These malpractice claims were all dismissed.  Id. Plaintiff also filed a complaint against Judge Acosta with the Commission on Judicial Conduct. Id. at ¶ 10 p. 13.

On February 9, 2010, Plaintiff sent the DBR Defendants a waiver of Summons and the Complaint that had been filed in this action. On March 10, 2010, the DBR Defendants returned the waiver of service to Plaintiff and now move to dismiss the Complaint against the DBR Defendants (and Bates) pursuant to Federal Rule 12(b)(1) and 12(b)(6).

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  "When considering a Rule 12(b)(1) motion to dismiss, the Court accepts as true all material factual allegations in the complaint but does not draw inferences favorable to plaintiff."

---

[4]  In the federal and state lawsuits against Bates, Plaintiff was represented at various times by no less than ten separate attorneys.

Bd. of Managers of the195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., 652 F. Supp. 2d 463, 469 (S.D.N.Y. 2009).

Where a party moves to dismiss under Rule 12(b)(6) for failure to state a claim, a court must assume the truth of all facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. See Global Network Communs., Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006); S.E.C. v. Lyon, 529 F. Supp. 2d 444, 449 (S.D.N.Y. 2007). The court has an obligation to construe the pleadings liberally when a plaintiff proceeds pro se. McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotation marks omitted).

However, to survive a motion to dismiss, even a pro se plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). For a claim to be plausible, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, if a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Id. Dismissal of a complaint is required where, as here, all of a plaintiff's claims are either barred on the face of the complaint or the complaint fails to set forth facts sufficient to establish a plausible cause of action against defendants.

## LEGAL ARGUMENT

### POINT I

**COUNTS I AND IV MUST BE DISMISSED BECAUSE PLAINTIFF'S ALLEGATIONS ARE ENTIRELY SPECULATIVE AND BECAUSE PLAINTIFF DOES NOT HAVE A PRIVATE RIGHT OF ACTION UNDER THE CRIMINAL STATUTES**

In the First and Fourth Counts of her Complaint, Plaintiff has charged all defendants with numerous criminal offenses. Her charges include obstruction of justice, tampering with

evidence, influencing a judge, and intimidating a witness under Sections 2, 286, 371, 1505, 1511-1513, and 1519 of Title 18 of the United States Code and under 42 U.S.C. § 1961-1962.[5] See Complaint, Count I. She has also alleged bribery and extortion claims against the DBR Defendants (and presumably Bates) under 18 U.S.C. § 11, 201, 1951 and New York Penal Code Sections 200.45 and 200.50. See id., Count IV.

The First and Fourth Counts of Plaintiff's Complaint must be dismissed in its entirety as a matter of law. As an initial matter, Plaintiff has failed to allege any facts to support her claims of criminal violations by the DBR Defendants (much less by Bates). Rather, Plaintiff makes conclusory allegations that the unfavorable decision rendered against her in her underlying discrimination case was because the judges were conferring a "favor" upon the DBR Defendants (and, presumably, Bates). Id., ¶ 10, p. 15, Count I, ¶¶ 1-22a, Count IV, ¶¶ 43-62. As evidence of this scheme, she alleges that every judge involved in the "fixing" of her case against Bates was "promoted within a year." Id. ¶ 54. Even assuming that these facts are true, Plaintiff's allegations are speculative at best. To survive a motion to dismiss, plaintiff must plead "[f]actual allegations . . . enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Plaintiff's allegations fail to survive the pleading standards set forth in Twombly.

Additionally, the First and Fourth Counts are barred as a matter of law because Plaintiff, as a private citizen, cannot prosecute the DBR Defendants or Bates under any of the cited criminal statutes. Wojtczak v. Safeco Property & Cas. Ins. Companies, 2009 WL 3733049, *5 (W.D.N.Y. Nov. 5, 2009) (finding that Plaintiff lacks standing to pursue any criminal charges

---

[5] Sections 1961 and 1962 of Title 42 of the United States Code, entitled the "Water Resources Research Program," has been repealed.

against Defendants); see Leeke v. Timmerman, 454 U.S. 83, 85 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

Plaintiff's suit is also barred because the criminal statutes cited in her Complaint do not provide a private cause of action. See, e.g., Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (no private right of action under 18 U.S.C. §§ 286, 1512, 1513); Mills v. Luplow, 2009 WL 2606240, * 7 (W.D.N.Y. Mar. 31, 2009) (dismissal of claims under 18 U.S.C. § 1505 because no private right of action); Maier v. Phillips, 2000 WL 234453, *2 (2d Cir. Feb. 1, 2000) (no private right of action under 18 U.S.C. §§ 241, 242, and 371); Carpenter v. Young, 2005 WL 1364787, *4 (E.D. Pa. June 1, 2005) (no private right of action under §1519); Moreno v. Curry, 2007 WL 4467580, *2 (5th Cir. Dec. 20, 2007) (no private right of action under Section 1511; Pennsylvania Ass'n of Edwards Heirs v. Rightenour, 235 F.3d 839, 840 (3d Cir. 2000) (no private right of action implied under 18 U.S.C. § 2); Ray v. Proxmire, 581 F.2d 998, 1001 (D.C. Cir. 1978), cert. denied, 439 U.S. 933 (1978) (upholding dismissal of claim brought under 18 U.S.C. § 201 because "bare criminal statute" provides no private cause of action).

Plaintiff's claims under the N.Y. Penal Code[6] are also barred. Plaintiff fails to assert any allegations to support a claim under N.Y. Penal Code Section 200.45.[7] In addition, Section 200.45 does not explicitly provide a private right of action and a private right is not implied. See, e.g., Philip Morris, Inc. v. Grinnell Lithographic Co., 67 F. Supp. 2d 126, 141 (E.D.N.Y. 1999) (no private right of action based on violation of New York Penal Law § 180.03 [bribery of

---

[6] The Court may exercise supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1376.

[7] Section 200.50 does not apply to the DBR Defendants or Bates because they are not public officials. Doe v. Cuomo, 2009 U.S. Dist. LEXIS 90006 (S.D.N.Y. Sept. 29, 2009) (court can take judicial notice that defendants are not public officials if this information is "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.") (quoting Fed. R. Evid. 201).

a nonpublic official]); <u>Minnelli v. Soumayah</u>, 41 A.D.3d 388, 388-89, 839 N.Y.S.2d 727, 728 (1st Dep't 2007) (barring extortion and attempted extortion claims because they were criminal offenses and no implied private right of action).

**POINT II**

**COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY AND THIS COURT LACKS JURISDICTION TO HEAR THIS CLAIM**

**A.    Plaintiff has Failed to Plead Fraud with Particularity**

To maintain a conspiracy to defraud claim under New York law, a plaintiff must adequately plead the underlying tort. <u>Romano v. Romano</u>, 2 A.D.3d 430, 432, 767 N.Y.S. 2d 841, 842 (2d Dep't 2003); <u>Sokol v. Addison</u>, 293 A.D.2d 600, 601, 742 N.Y.S.2d 311, 312 (2d Dep't 2002).  Here, Plaintiff has failed to adequately plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.  A fraud claim should "specify the who, what, when, where, and how of the alleged fraud." <u>U.S. ex rel. Taylor v. Gabelli</u>, 345 F. Supp. 2d 313, 326 (S.D.N.Y. 2004).  "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of [its] alleged participation in the fraud." <u>In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation</u>, 379 F. Supp. 2d 348, 369 (S.D.N.Y. 2005).

Here, Plaintiff's Complaint contains <u>no</u> factual allegations to support a fraud claim against Bates.  As to the DBR Defendants, Plaintiff's Complaint contains only the blanket allegation that the "attorneys on these matters had tampered with evidence; and that they made willful misrepresentations to cover up their conspiracy . . . ." (Complaint ¶ 30).  The absence of <u>any</u> factual allegations supporting a fraud claim against Bates and the total lack of the required degree of specificity in the single factual allegation against the DBR Defendants requires this

Court to dismiss Plaintiff's underlying fraud claim.  See, e.g., Colony at Holbrook, Inc. v. Strata G.C., Inc., 928 F. Supp. 1224, 1232 (E.D.N.Y. 1996) (dismissing fraud claim because "amended complaint contains sweeping and general allegations of mail and wire fraud directed at all the defendants rather than connecting the alleged fraud to the individual defendants")

A claim of conspiracy "cannot stand alone" and, because Plaintiff's underlying fraud claim against the DBR Defendants and Bates was not sufficiently pled, the conspiracy to defraud claim must also fail.  Romano, 2 A.D.3d at 432, 767 N.Y.S. 2d at 842 (conspiracy to defraud claim was properly dismissed when the underlying fraud claims were dismissed); Sokol, 293 A.D.2d at 601, 742 N.Y.S.2d at 312 (dismissing conspiracy to defraud claim because the underlying fraud claim was dismissed).

### B.    Plaintiff's Conspiracy Claim is Barred by the Doctrine of *Res Judicata*

The gravamen of Plaintiff's conspiracy claim against the DBR Defendants and Bates is the allegation that the "Decisions/Order/Judgments" issued in the state court proceedings on her discrimination claims against Bates were "rooted in frauds"  Complaint, General Allegations ¶ ¶ 9-10, Count I, ¶ ¶  8, 10-12, and Count II,  ¶ 30.   In other words, Plaintiff is seeking review in this Court of  the outcome of her suit against Bates in the courts of the State of New York. Indeed, Plaintiff's prayer for relief specifically requests the "Vacating [of] all orders . . . on any 'fixed' Cased [sic] including but not limited to 'Kathryn Jordan v. Bates Advertising.'"  Such a review in this Court is impermissible under the doctrine of *res judicata*.

To determine the preclusive effect of a prior state court judgment, the federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state.  Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000).  The New York state courts have adopted the transactional analysis approach in deciding *res judicata* issues.  Reilly v. Reid,

45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978). Under this approach, once a claim is brought to a final conclusion, all other claims arising out of the same transactions are barred, even if based upon different theories or if seeking a different remedy.  Id., at pp. 29-30, 407 N.Y.S.2d 645, 379 N.E.2d 172.  Here, Plaintiff's claims of employment discrimination against Bates were already fully litigated and finally adjudicated in state court proceedings at both the trial and appellate levels.  Accordingly, the doctrine of *res judicata* prevents Plaintiff from attempting to relitigate and obtain relief as to those claims in this forum.

### C.    This Court Lacks Subject Matter Jurisdiction Over the Conspiracy Claim

Additionally, this Court lacks subject matter jurisdiction to hear Plaintiff's conspiracy claim because it is barred by the Rooker-Feldman doctrine.  See Johnson v. Smithsonian Inst., 189 F.3d 180, 186-87 (2d Cir. 1999) (dismissing claim that state order was fraudulently obtained because claim was barred by Rooker-Feldman doctrine).  Under the "Rooker-Feldman doctrine, a district court is precluded from entertaining "cases brought by [1] state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Plaintiff's conspiracy claim against the DBR Defendants and Bates falls squarely within the Rooker-Feldman doctrine as Plaintiff is attempting to overturn a judgment already rendered by a state court.   Nor does Plaintiff's allegation of a fraud underlying her conspiracy claim save it from application of the Rooker-Feldman doctrine.   Parra v. Greenpoint Mortgage Co., 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002) ("The fact that [a] plaintiff alleges that a state court judgment was procured by fraud does not remove [his] claims from the ambit of Rooker-Feldman.").

## POINT III

## COUNT III MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS THAT WOULD SUPPORT A FIRST AMENDMENT CLAIM AGAINST THE DBR DEFENDANTS OR BATES

Although Plaintiff has made several allegations against different judges alleging violations of her First Amendment Rights, see Complaint ¶ 41, Plaintiff has utterly failed to state in Count III of her Complaint any factual allegations against the DBR Defendants (or against Bates) in support of such a claim. Thus, Plaintiff's First Amendment claim as against DBR and the Bates Defendants fails as a matter of law. See Walker v. Daines, 2009 WL 2182387, *14 (E.D.N.Y. July 21, 2009) (court found that plaintiff's First Amendment claim failed as a matter of law because he failed to allege all the elements of a First Amendment claim).

In addition, to maintain a constitutionally-based claim, the alleged injury must have been caused by state actors or those who act under the color of state law. Loce v. Time Warner Entertainment Advance/Newhouse Pshp., 191 F.3d 256, 266 (2d Cir. 1999) ("The First Amendment applies only to state actors."). Here, Plaintiff cannot maintain a First Amendment cause of action against the DBR Defendants or Bates because she has not even alleged that those Defendants are state actors. In fact, those Defendants are avowedly private actors.[8]

---

[8]   The court may take judicial notice that DBR and the Bates Defendants are private, for-profit private entities. See Valle v. YMCA of Greater N.Y., 2006 WL 2571946, at *7 (S.D.N.Y. July 6, 2006) (taking judicial notice that the YMCA is a private not-for-profit corporation, not a state actor, and thus not amenable to suit under § 1983).

## POINT IV

### THE FIFTH COUNT OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED UNDER THE ROOKER-FELDMAN DOCTRINE AND BECAUSE PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE RICO CLAIM

#### A.    Plaintiff's RICO Claim is Barred By Rooker- Feldman Doctrine

As established <u>supra</u> at Point II.C, this Court lacks jurisdiction to review final decisions already rendered by the state courts.  Plaintiff cannot circumvent this rule by disguising the effort to obtain such review as a RICO claim.  <u>See</u> <u>e.g.</u>, <u>Pharr v. Evergreen Garden, Inc.</u>, 123 Fed. Appx. 420, 423 2005 WL 181617 (2d Cir. Jan. 25, 2005) (dismissing RICO claim because court lacked subject matter jurisdiction under Rooker-Feldman doctrine).  In <u>Pharr</u>, plaintiffs challenged rent increases approved by the New York City Department of Housing Preservation and Development on the grounds that the approval was secured by fraudulent representations. <u>Id.</u>  Plaintiffs challenged these rent increase in state court actions and then brought a RICO claim in federal court.  <u>Id.</u>  The district court and the Second Circuit found that the RICO claim was barred by the Rooker-Feldman doctrine.

> The Rooker-Feldman doctrine bars not only claims that involve direct review of a state court decision, but also claims that are 'inextricably intertwined' with a state court decision.  In delineating the doctrine's boundaries, this court has held that Rooker-Feldman is at least as broad as the principles of res judicata, and applies, at a minimum, when claim preclusion would bar the federal action.  Under the doctrine of res judicata or claim preclusion, the adjudication of a claim on the merits by a court of competent jurisdiction precludes its re-litigation in a subsequent proceeding.

> <u>Id.</u> (citations omitted).

Here, Plaintiff is attempting to overturn the state court decision made in her discrimination case against Bates by bringing this RICO claim.  This is an impermissible appeal and this Court lacks subject matter jurisdiction to hear this claim.

**B.    Plaintiff Has Failed to Allege Facts to Support a RICO Claim**

To state a civil claim for damages under RICO, "a plaintiff has two pleading burdens."

Moss v. Morgan Stanley, 719 F.2d 5, 17 (2d Cir. 1983).  First, a plaintiff must establish: "(1) that

the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of

'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or

participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign

commerce."  Id.  "Second, a plaintiff must allege 'causation,' i.e., that he or she was 'injured in

his [or her] business or property by reason of a violation of section 1962.'"  Weizmann Inst. of

Sci. v. Neschis, 229 F. Supp. 2d 234, 255 (S.D.N.Y. 2002).

Plaintiff has failed to plead a valid RICO claim against the DBR or Bates Defendants.

First, Plaintiff has failed to cite to the specific RICO statutory subsections under which she is

pursuing her claims.  See Atlantic Gypsum Co. v. Lloyds Int'l Corp., 753 F. Supp. 505, 511

(S.D.N.Y. 1990) ("Failure to plead a specific subsection of § 1962 may alone constitute grounds

to dismiss a RICO complaint, because it fails to inform defendants of the unlawful conduct in

which they allegedly engaged.).

Second, a RICO plaintiff is required to plead facts establishing that a defendant engaged

in a pattern of racketeering activity.  "Racketeering activity" is defined in 18 U.S.C. § 1961(1) to

include a variety of federal and state crimes including, inter alia, murder, kidnapping, gambling,

arson, robbery, bribery, extortion, wire fraud, and mail fraud. 18 U.S.C. § 1961(1). In order to

establish a patter of  racketeering activity, a plaintiff must plead at least two acts, i.e., "predicate

acts," of such activity. 18 U.S.C. § 1961(5); see also Sedima, S.P.R.L. v. Imrex Co., 473 U.S.

479, 496 n.14 (1985).

Here, Plaintiff has failed to set forth any factual allegations that the DBR Defendants (much less Bates) engaged in two or more predicate acts of racketeering. Rather she cites to several instances of alleged general fraud, none of which involved either the DBR Defendants or Bates. Complaint ¶¶ 67, 74. This is not enough to sustain a RICO claim. See <u>Vicon Fiber Optics Corp. v. Scrivo</u>, 201 F. Supp. 2d 216, 217 (S.D.N.Y. 2002) (plaintiff cannot transform garden variety claims of fraud into a RICO action). In addition, Plaintiff's allegations that the Judiciary of New York is "an organized crime operation instead of an instrument of administrative justice," Complaint ¶70, is not plausible as it is unsupported by any factual allegations.

"Because the mere assertion of a civil RICO claim "has an almost inevitable stigmatizing effect on those named as defendants … courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." <u>Weizmann Inst. of Sci. v. Neschis,</u> 229 F. Supp. 2d 234, 245 (S.D.N.Y. 2002). Because Plaintiff's allegations are sorely deficient and fail to adequately plead a RICO claim, Plaintiff's RICO claim must be dismissed as a matter of law.

### POINT V

### THE SIXTH COUNT OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT OBTAIN REVIEW OF HER STATE EMPLOYMENT DISCRIMINATION CLAIMS IN THIS FORUM

In the Sixth Count of her Complaint, Plaintiff "seeks a review of all discrimination cases that have been reversed on appeal," which presumably includes review of the judgment previously entered in her state court case against Bates. As demonstrated <u>supra</u> at Point II.C, review of that state court decision is barred under the Rooker-Feldman doctrine. <u>See also</u> <u>Daigneault v. Judicial Branch</u>, 309 Fed. Appx. 518, 519, 2009 WL 368485 (2d Cir. Feb. 17, 2009). In <u>Daigneault</u>, after the state courts dismissed plaintiff's employment discrimination

claims, plaintiff brought suit against the state judges in federal court, claiming that the judges had violated his Constitutional Rights and the Age Discrimination in Employment Act.  Id.  The Second Circuit affirmed the dismissal of Plaintiff's suit, finding that the suit was barred by the Rocker-Feldman doctrine.  Id.  Plaintiff's claim as set forth in her Sixth Count is similarly barred.

### POINT VI

### COUNT VII MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT MAINTAIN A CONVERSION CLAIM UNDER NEW YORK LAW

Count VII of Plaintiff's Complaint alleges a claim of conversion against the DBR Defendants and Bates.  According to New York law, "[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights."  Kirschner v. Bennett, 648 F.Supp.2d 525, 540 (S.D.N.Y. 2009) (quoting Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir. 2006)).  To withstand a motion to dismiss on a conversion claim, a plaintiff must allege: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights."  Moses v. Martin, 360 F.Supp.2d 533, 541 (S.D.N.Y. 2004).

Here, Bates posted a bond in the amount of $3.3 million during the appeal of the state trial court's judgment in favor of Plaintiff.  See Complaint ¶ 96.  Plaintiff alleges that the bond was dissolved secretly via a motion filed with the state trial court without Plaintiff's knowledge and was "converted back to violator [Bates'] coffers."  Id. at ¶ 99.  Even assuming these facts as true, these allegations cannot, as a matter of law, state a valid claims for conversion.  At all times, the bond was the property of Bates.  The bond was placed with the court as a guarantee of

payment of the trial court's judgment in the event that the appeal was unsuccessful.  Id. at ¶ 96.
Plaintiff does not—and cannot—allege that she had ownership, possession, or control over the
bond at any time.  Further, the bond was dissolved only after the Appellate Division had vacated
the judgment that the bond had been securing.  Accordingly, the dissolution of the bond was not
an exercise of unauthorized dominion.  Thus, Plaintiff cannot, as a matter of law, maintain a
conversion claim against the DBR Defendants or Bates.

### POINT VII

### COUNT VIII OF THE COMPLAINT MUST BE DISMISSED BECAUSE THERE IS NO PRIVATE CAUSE OF ACTION UNDER THE NEW YORK JUDICIAL CODE OR THE CODE OF PROFESSIONAL CONDUCT

In the Eighth Count of her Complaint (incorrectly labeled as Count VII), Plaintiff seeks
to assert claims against "all" Defendants under the New York Judicial Code of Conduct and the
New York Code of Professional Conduct.    However, no private right of action exists under
either of those Codes.

Thus, the Judicial Code of Conduct specifically provides that the rules were not intended
as "a basis for civil liability or criminal prosecution."  22 N.Y.C.R.R. §100.  Similarly, under
either the Code of Professional Conduct or the Code of Professional Responsibility,[9] Plaintiff
cannot maintain a private civil action against any of the Defendants named in her Complaint.
See Preamble:  A Lawyer's Responsibilities, ¶ 12 (the Code of Professional Conduct was not
"designed    to    be    a    basis    for    civil    liability.")    (available    at
http://www.nysba.org/Content/NavigationMenu/ForAttorneys/ProfessionalStandardsforAttorney

---

[9]  The New York Code of Professional Conduct was adopted and effective as of April 1, 2009.  Prior to April 2009,
attorneys were covered by the Code of Professional Responsibility.  In re Coleman, -- F.3d --, 2010 WL 189984, at
*2 (2d Cir. Jan. 19, 2010).

s/RevisedNYRulesofProfessionalConduct.pdf.); see also Kantor v. Bernstein, 225 A.D.2d 500, 501, 640 N.Y.S.2d 40, 40 (1st Dep't 1996) (a civil action cannot be maintained under the Code of Professional responsibility); Weintraub v. Phillips, Nizer, Benjamin, Krim, & Ballon, 172 A.D.2d 254, 254, 568 N.Y.S.2d 84, 84 (1st Dep't 1991)(same).

## POINT VIII

### PLAINTIFF HAS NOT ALLEGED A DUE PROCESS CLAIM OR A DEFAMATION CLAIM AGAINST THE DBR DEFENDANTS OR BATES

Plaintiff has not named the DBR Defendants or Bates as a defendant with regard to her ninth claim for violation of due process (mislabeled Count VIII) or her tenth claim for defamation (mislabeled Count IX). Nor has Plaintiff alleged any facts that would support such claims against either of those Defendants.

## **CONCLUSION**

For the foregoing reasons, all of Plaintiff's claims against the DBR Defendants, as well as any claims she may be attempting to bring against Bates, should be dismissed in their entirety, with prejudice.

Dated: New York, New York
April 12, 2010

DRINKER BIDDLE & REATH LLP

By: */s/ Robert M. Leonard*
Robert M. Leonard
140 Broadway, 39th Floor
New York, NY 10005-1116
Tel:  (212) 248-3140
Fax: (212) 248-3141
robert.leonard@dbr.com
*Attorneys for Defendants Gregory Homer,*
*Donald Beshada, Drinker Biddle & Reath LLP,*
*Bates Advertising USA, Inc., and Bates Advertising*
*Holdings, Inc. f/k/a AC&R Advertising, Inc.,*
*(improperly plead as "WPP, General Counsel," a*
*non-existent entity)*