```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
Honorable Judge Deborah Batts Presiding   DOC #:_____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK             DATE FILED: 4/30/10
----------------------------------------X
```

Kathryn Jordan,
        Plaintiff,

**AFFIDAVIT IN SUPPORT OF MOTION TO STRIKE ATTORNEY GENERA RESPONSE FOR FRAUD AND UNTIMELINESS ALTERNATIVELY FOR ADDITIONAL TIME TO RESPOND TO MTD**

Index No.10616-cv-09

--v--

Judge Jonathan Lippman, Et Al.,
        Defendants.

----------------------------------------X

PRO SE OFFICE

I, Kathryn Jordan, duly sworn depose and say:

1. I am the Plaintiff in this Landmark action of Obstruction of Justice, Conspiracy to Defraud, Violation of Constitution and Bill of Rights, Bribery and Extortion, Organized Crime, Disability and Gender Discrimination, Conversion, Violation of Judicial Laws Governing Conduct of Judges and other causes of action against the named Defendants. These are serious claims and there is abundant, compelling evidence.[1]

2. Today I received in the mail a package from a party related to this action containing paperwork that belonged to me. Included in those materials was a copy of a letter dated April 23rd, 2010 from Monica Connell to this Court and a "Memorandum of Law" of the same date. I was stunned. I HAVE NEVER BEEN SERVED OR SENT THESE PLEADINGS BY MS. CONNELL. How could a third party secure a copy of this letter and I not have a copy? I also note that the Court received a "hand delivered" copy but the attorneys received theirs via US Mail.

3. This was obviously a willful deception. I go to the mail everyday and I open all legal mail first. Ms. Connell never sent me a copy of this pleading, raising serious issues, but also rendering her "Answer" completely defective both in terms of time and service. (Thomson v. Greene USCA 4th Circuit 03-7401 2005)

5. I have given her pleading a cursory review and find no basis for dismissal of my Complaint. When I file my sworn affidavit with exhibits, it will be apparent that my case against the Defendants is not just "plausible" but that the trail of evidence and the chronology will lead to only one possible finding.

Respectfully Submitted,

Kathryn Jordan
PLAINTIFF

Sworn to me this 29th day of April 2010

NOTARY PUBLIC

SHIRLEY M. HARDIE
Notary Public, State of New York
Qualified in New York County
Reg. No. 01HA6182588
My Commission Expires Feb. 25, 2012

1



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

*Writer's Direct Dial*
(212) 416-8965

April 23, 2010

<u>Via Hand Delivery</u>
The Honorable Deborah A. Batts
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  <u>Kathryn Jordan v. Judge Jonathan Lippman, et al</u>,
SDNY 09 Civ 10616 (DAB)

Dear Judge Batts:

I am an Assistant Attorney General in the Office of Andrew M. Cuomo, Attorney General of the State of New York, attorney for the Honorable Jonathan Lippman, Chief Justice of the State of New York; the Honorable Judith S. Kaye, former Chief Justice of the State of New York; the Honorables Luis A. Gonzales, Rolando T. Acosta, James M. Catterson, David Friedman, Joseph P. Sullivan (retired), and Peter Tom, all Justices of the Supreme Court of the State of New York, Appellate Division, First Department; the Honorable Judge Marcy S. Friedman, Justice of the Supreme Court, New York County; the New York County Clerk; and the New York State Commission on Judicial Conduct (hereinafter collectively "State Defendants").

Pursuant to the Court's Rules, enclosed, please find two courtesy copies of State Defendants' Motion to Dismiss the Complaint in this matter, including the following:

- Notice of Motion dated April 23, 2010;
- Declaration of Monica Connell in Support of Motion to Dismiss, dated April 23, 2010, with attached exhibits;

2.

- Memorandum of Law in Support of State Defendants' Motion to Dismiss, dated April 23, 2010;

- Notice to Pro Se Litigant Pursuant to Rule 12.1 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York; and

- Copies of unpublished cases cited by the State Defendants in their motion.

Please do not hesitate to contact this Office should you have any questions.

Respectfully submitted,

Monica Connell (MC-9841)
Assistant Attorney General

cc: The Honorable Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Kathryn Jordan
Plaintiff Pro Se
954 Lexington Ave
Apt 502
New York, NY 10021

Kristopher M. Dennis, Esq.
Counsel for Defendants Lebowitz and Zellman
Kaufman Borgeest & Ryan LLP
120 Broadway
New York, New York 10271

Philip Touitou, Esq.
Hinshaw & Culbertson LLP
Counsel for Co-Defendants
780 Third Avenue, 4th Floor
New York, New York 10017

3

Robert M. Leonard, Esq.
Drinker Biddle & Reath LLP
<u>Counsel for Defendants Homer, Beshada,
Drinker Biddle and Bates</u>
140 Broadway, 39th Floor
New York, New York 10005

Allan S. Bloom, Esq.
Paul, Hastings, Janofsky & Walker LLP
<u>Counsel for Defendants Gage and Verizon</u>
75 East 55th Street
New York, NY 10022



Home
# 427 F3d 263 Thompson v. Greene

427 F.3d 263

**Roland A. THOMPSON, Petitioner-Appellant,**

v.

**Kathleen GREENE; Attorney General for the State of Maryland, Respondents-Appellees.**

No. 03-7401.

## United States Court of Appeals, Fourth Circuit.

*Argued February 1, 2005.*
*Decided October 25, 2005.*

ARGUED: Frederick Carl Crombie, Arnold & Porter, Washington, D.C., for Appellant. Ann Norman Bosse, Assistant Attorney General, Off Attorney General of Maryland, Baltimore, Maryland, for Appellees. ON BRIEF: J. Joseph Curran, Jr., Attorney General of Maryland, Balti Maryland, for Appellees.

Before LUTTIG, KING, and SHEDD, Circuit Judges.

Vacated and remanded by published opinion. Judge KING wrote the opinion, in which Judge LUTTIG and Judge SHEDD joined.

KING, Circuit Judge:

Roland A. Thompson appeals the district court's July 2003 dismissal of his petition for habeas corpus relief. *Thompson v. Conroy*, No. 02-31, 2003) (the "Opinion"). In that proceeding in the District of Maryland, the Attorney General of Maryland, as counsel for the respondents respondent (along with Kathleen Greene, the Acting Warden of Maryland's Eastern Correctional Institution), failed to serve Thompson with supporting the Attorney General's answer to the petition (the "Exhibits"). The district court, by its Opinion dismissing the petition, declined service. Opinion at 7-8. We granted Thompson a certificate of appealability ("COA") on whether the lack of service contravened the Due Pr Protection Clauses of the Fourteenth Amendment. As explained below, the Attorney General's failure to serve the Exhibits violated the pro governing service of such exhibits in habeas corpus proceedings. As a result, we vacate and remand without reaching the constitutional iss

I.

Thompson was convicted by a Maryland state court jury in August 1998 on two counts of second-degree murder and two counts of using commission of a felony.[1] On October 23, 1998, he was sentenced to sixty years in prison. Thompson appealed his conviction to Maryland' Appeals, which affirmed on June 16, 1999. *Hackney v. Maryland*, No. 1676 (Md.Ct.Spec.App.1999). On September 14, 1999, the Court of Maryland denied certiorari. *Thompson v. Maryland*, 356 Md. 18, 736 A.2d 1066 (1999). Thompson filed a petition for state post-conviction Circuit Court for Baltimore City on June 19, 2000. On December 15, 2000, following an evidentiary hearing, that petition was denied. *Thor Maryland*, No. 198022021-22 (Md.Cir.Ct.2000). On April 15, 2002, Thompson's application for leave to appeal the circuit court's ruling was Court of Special Appeals. *Thompson v. Maryland*, No. 2820 (Md.Ct.Spec.App.2002).

On June 13, 2002, proceeding pro se, Thompson filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, in the District of alleged multiple constitutional errors: (1) that his trial counsel had been ineffective for (a) failing to object to the introduction of "other crir and (b) failing to move for a separate trial from Thompson's co-defendant; (2) that he had been denied an impartial jury because a juror v the presentation of evidence; and (3) that the trial court erred by (a) not conducting separate trials of him and his co-defendant, (b) allow introduction of other crimes evidence, and (c) permitting the jury to review evidentiary videotapes during its deliberations in the presence clerk. On July 31, 2002, in response to Thompson's petition, the district court issued an Order to Show Cause, directing the Attorney Gene petition and "to furnish with [the] answer copies of all relevant opinions, transcripts and materials."



On November 4, 2002, the Attorney General filed an answer to Thompson's petition containing twenty Exhibits (collectively, the "Answer the text of his Answer on Thompson, but failed to serve the Exhibits, which included trial and post-conviction hearing transcripts, the parti

briefs, and various state court opinions. In the Answer's fifty-two page text, the Attorney General relied on the Exhibits for his contentions Thompson was not entitled to habeas corpus relief, devoting more than thirty pages to quotations from them. In serving the Answer's text the Attorney General included only an "index" of the various Exhibits.

On November 25, 2002, Thompson filed a pro se "Motion to Object to Respondent's Answers to Petition for Writ of Habeas Corpus/Order and Request for Production of Documents." He contended therein that he was entitled to be served with the Exhibits and that he could not respond to the Answer without them. On December 4, 2002, the district court ordered Thompson to respond to the Attorney General's ass certain of his habeas corpus claims had been procedurally defaulted, but it did not authorize Thompson to address the Answer's contention his claims. The court also noted Thompson's objection to the Attorney General's failure to serve the Exhibits and held the issue in "abeyan 5, 2003, Thompson filed a limited response on the procedural default issue and again asserted that his ability to respond to the Answer wa hindered by the Attorney General's failure and refusal to serve the Exhibits.

In opposing Thompson's request for the Exhibits, the Attorney General informed the district court that, pursuant to his office policy, he d habeas corpus petitioners with the exhibits to an answer if there are five or more such exhibits. In that event, the exhibits are filed with th served on the petitioner. The Attorney General contended that neither the Rules Governing Section 2254 Cases in the United States Distric "Habeas Rules"), nor any other applicable legal authority, requires service of such exhibits. See 28 U.S.C. foll. § 2254. He further asserted habeas corpus petitioners with exhibits was a burdensome endeavor and that, in order to receive the Exhibits, Thompson was first obliged to the court a particularized need for them.

On July 31, 2003, the district court issued its Opinion dismissing Thompson's § 2254 petition. The court ruled that certain of Thompson's claims were without merit while others had been procedurally defaulted.[3] In so ruling, the court relied heavily on the Exhibits, including e in transcripts that were neither signed nor certified. In a part of the Opinion entitled "Discovery Matters," the court denied Thompson's req Exhibits, reasoning that they were "not necessary in explaining why [procedural] default may have occurred." Opinion at 7. The court obse Rule 5 did not contemplate a "reply" by Thompson to the Answer, and there was "no reason to believe that `exceptional circumstances' e another round of briefing in this case." Id. at 7-8.

Still proceeding pro se, Thompson timely noted an appeal to this Court and applied to the district court for a COA on both the merits of h the Attorney General's failure to serve the Exhibits. He asserted that the Attorney General's failure to serve the Exhibits and the court's de request for them "unconstitutionally infringed upon his due process rights." Thompson also contended that, pursuant to Roseboro v. Garris (4th Cir.1975), the court was required to notify him that the Exhibits would be used to decide the merits of his claims, and to provide him rebut them. On September 4, 2003, the district court denied his request for a COA. Thompson v. Conroy, No. 02-2002 (D.Md.2003).

II.

On May 3, 2004, we granted Thompson a COA on the issue of "whether the Maryland Attorney General has a constitutional procedural du obligation to serve a habeas petitioner with the exhibits used to support its Answer." Thereafter, on May 26, 2004, we appointed counsel t Thompson on appeal. On September 2, 2004, we expanded the COA to include Thompson's claim that the Attorney General's policy on ser exhibits contravenes the Equal Protection Clause of the Fourteenth Amendment.

We possess jurisdiction in this appeal pursuant to the COA. See 28 U.S.C. § 2253(c)(1)(A). Such a COA is issued only when a petition for relief has made a substantial showing of the denial of a constitutional right. Id. § 2253(c)(2). Once an appeal is properly before us, howeve to resolve any non-constitutional procedural matters first, because a reviewing court should "`not pass upon a constitutional question altho presented by the record, if there is also present some other ground upon which the case may be disposed of.'" Slack v. McDaniel, 529 U.S S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quoting Ashwander v. TVA, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concu Reid v. Angelone, 369 F.3d 363, 372 n. 5 (4th Cir.2004) (recognizing that court may grant COA "and then affirm the denial of habeas relief grounds").

In conducting our analysis, we review de novo the legal rulings of the district court. Rouse v. Lee, 339 F.3d 238, 244 (4th Cir.2003). Pur issued in this matter, we review only the district court's ruling on the Attorney General's failure to serve the Exhibits, and thus we do not a of Thompson's petition. Because we resolve this appeal on non-constitutional grounds, we need not reach Thompson's constitutional claims

III.



At issue in this appeal is whether the Attorney General was obliged to serve Thompson with the Exhibits contained in the Answer. As we when serving an answer on a habeas corpus petitioner, it is the Attorney General's policy and practice not to serve such exhibits if there ar them. The Attorney General contends that this policy is permissible under the Habeas Rules, which, he maintains, do not require service o As explained below, the relevant procedural rules required the Attorney General to serve the Exhibits on Thompson.

A.

The Attorney General maintains on appeal that the applicable rules of procedure do not mandate service of the Exhibits on Thompson. I

contends that it is an "open question" whether the rules require that an answer's text be served on a habeas corpus petitioner at all. As ex we reject his contentions. Both the Habeas Rules and the Federal Rules of Civil Procedure (the "Civil Rules") specify that exhibits constitute an answer. And, in light of the Advisory Committee Notes on the Habeas Rules, and the relevant provisions of the Civil Rules and the Loca United States District Court for the District of Maryland (the "Maryland Local Rules"), service of an answer and its exhibits on a habeas cor plainly mandated.

1.

First, we examine the requirements for an answer to a habeas corpus petition under the Habeas Rules, which govern all habeas corpus conducted in the district courts. See Habeas Rule 1 (providing that the Habeas Rules are applicable to a petition "by a person in custody pu judgment of a state court"). Habeas Rule 5 describes the mandatory contents of an answer: "There shall be *attached* to the answer such p transcripts as the answering party deems relevant" and "a copy of the petitioner's brief on appeal and of the opinion of the appellate court be filed by the respondent *with the answer*." Habeas Rule 5 (emphasis added).[4] The Habeas Rules thus view the exhibits contained in a h answer to be a *part* of the answer itself, without which a habeas corpus answer must be deemed incomplete.[5]

The Civil Rules also make clear that the written instruments made exhibits to any pleading are a part of the pleading (such as a habeas The Civil Rules are to be applied, "when appropriate," in habeas corpus proceedings "to the extent that they are not inconsistent with [the Habeas Rule 11; see also Civil Rule 81(a)(2) (providing that Civil Rules are applicable in habeas corpus proceedings "to the extent that the proceedings is not set forth in statutes of the United States [or] the [Habeas Rules] . . . and has heretofore conformed to the practice in ci Specifically, Civil Rule 10(c) provides that a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purpo *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002) ("It would seem to follow [from Rule 10(c)] that if an attachment to an answer is a instrument,' it is part of the pleadings."); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991) ("Relying on Rule 10(c), the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it b

2.

Second, we turn to the applicable requirements for the service of pleadings. Although the Habeas Rules do not explicitly require service the petitioner, such service — an elementary step in litigation in our judicial system — was plainly contemplated when the Rules were pro Supreme Court in 1976, as reflected in the relevant Advisory Committee Notes. It is appropriate for us to rely on the guidance of the Advi to supplement any deficiency in the explicit provisions of a given Habeas Rule. See *United States v. Vonn,* 535 U.S. 55, 64 n. 6, 122 S.Ct. L.Ed.2d 90 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into t rule."). The Advisory Committee Notes specify that Habeas Rule 5 "does not indicate who the answer is to be served upon, but it necessar will be mailed to the petitioner (or to his attorney if he has one)." Notes to Rule 5 (1976 Adoption).

Moreover, the Civil Rules clearly mandate service on an adversary of pleadings and their contents. Civil Rule 5(a) requires that service b parties not in default of "every pleading subsequent to the original complaint unless the court otherwise orders," including all papers relati motions, notices, designation of record on appeal, and other "similar paper[s]."

Finally, the Maryland Local Rules require that service be made of an answer and its exhibits.[6] In pertinent part, the Maryland Local Rule "[a]ll Court papers other than the original complaint must bear a certificate signed by counsel stating that the service required by [Civil Ru made." Maryland Local Rule 102(1)(c). Indeed, any submission of more than five exhibits "shall be tabbed and indexed." Maryland Local R Notably, the Maryland Local Rules only authorize a party to omit the filing of "voluminous exhibits" with the permission of the court. Maryl 105(1). Thus, the applicable rules mandate that an answer in a habeas corpus proceeding, along with all of its exhibits, must be served on

3.

The courts to have considered similar issues have concluded that service of an answer's exhibits on a habeas corpus petitioner is mandat in *Pindale v. Nunn,* a New Jersey district court concluded that "Habeas Rule 5 required [the State] to serve the Answer and the documents filed with the Answer" on the petitioner. 248 F.Supp.2d 361, 365 (D.N.J.2003). In *Pindale,* the State had failed to serve the exhibits to its a that the applicable rules did not require such service. In rejecting the State's contention, the court ruled that both Habeas Rule 5 and the C required the State to serve its exhibits on Pindale. *Id.* at 365-67.

In a similar situation, a Wisconsin district court, in *Chavez v. Morgan,* dismissed the State's response to a habeas corpus petition for failu "appropriate answer" which would include "copies of the relevant judgment of conviction, any available and relevant transcripts, and any p pleadings and decisions," as required by Habeas Rule 5. 932 F.Supp. 1152, 1153 (E.D.Wis.1996). The court explained that Habeas Rule 5 on the *State* to include the exhibits because petitioners are often "prisoners with little knowledge of the pleading requirements in habeas c importantly, little to no access to the pleadings and other judicial documents which are necessary to determine whether or not they have e exhausted their state court remedies." *Id.*

The commentators to have addressed this issue also agree that Habeas Rule 5 requires service of a habeas corpus answer on the habea

complete with the answer's exhibits. *See* 28 *Moore's Federal Practice* § 671.03[4] (Matthew Bender 3d ed.1997) (recognizing that "the ans served on the petitioner or the petitioner's attorney" and must "set forth" the following: relevant portions of transcripts; briefs filed by pet government; opinions and orders of state courts); 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 1 2001) ("Because Habeas Rule 5 states that `relevant' portions of the record `shall be attached to the answer,' any order under Rules 4 an Governing § 2254 Cases requiring the state to answer the petition and to serve its answer on the petitioner . . . also presumedly requires on the petitioner — whether or not indigent — the `attached' portions of the record."). In ruling as we do today, we join these courts and and conclude that the Attorney General is required to serve his Answer, including the Exhibits, on Thompson.[8]

### B.

The Attorney General also raises on appeal three other contentions he made below: (1) that he is not required to serve exhibits on habe petitioners because they should already possess either the documents or a general knowledge of their contents; (2) that a petitioner can c exhibits by showing a "particularized need" and securing a court order; and (3) that the policy of not serving exhibits on a petitioner when General files five or more is justified by "the time and expense of copying, binding and indexing, and delivering documents." Appellees' Br these contentions borders on the frivolous. As our analysis demonstrates, the applicable rules require the Attorney General to serve a hab petitioner with the pleadings (including exhibits) that he files with the court. It is irrelevant whether a petitioner can demonstrate need to whether he already has the documents. Finally, the Attorney General is not entitled to unilaterally decide not to serve such exhibits on the so would be unduly burdensome. *See* Maryland Local Rule 105(1) (authorizing party to omit filing of "voluminous exhibits appended to a m memorandum" only with court permission).[9]

### IV.

Pursuant to the foregoing, we vacate the dismissal of Thompson's petition and remand for such further proceedings as may be appropria

*VACATED AND REMANDED.*

Notes:

1  In brief, the trial evidence established that, in November 1997, Thompson and others met with two men in Baltimore, one of whom possessed a h sought to exchange for money or drugs. In the ensuing events, the two men were fatally shot and Thompson and his co-defendant were convicted

2  In our use herein of the term "Answer," we refer to both the text of the Answer (which was served) and the Exhibits (which were not served)

3  More specifically, the court ruled that Thompson's claims regarding ineffective assistance of counsel, the presence of the law clerk during jury delib of his claim regarding the introduction of other crimes evidence were without merit. Opinion at 8-23. The court also ruled that Thompson had proce on his claims regarding the denial of an impartial jury, the failure to sever his trial from his co-defendant, and part of his claim regarding other crir 4-7.

4  During the relevant period, the pertinent provisions of Habeas Rule 5 provided that

   [t]he answer shall respond to the allegations of the petition. . . . There shall be attached to the answer such portions of the transcripts as the ans deems relevant. . . . If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner ap judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the a appellate court, if any, shall also be filed by the respondent with the answer.

   Habeas Rule 5 (West 2001); *see also Sizemore v. Dist. Ct., 50th Judicial Dist.,* 735 F.2d 204, 207 (6th Cir.1984) ("[I]t is obvious that the mandato 5 places the burden upon the State . . . to *attach* all relevant sections [of the transcripts] to its answer." (emphasis added)).

5  Importantly, the district court's July 31, 2002 Show Cause Order required the Attorney General "to furnish with [the] answer copies of all relevant c and materials," thus echoing the requirements of Habeas Rule 5

6  Under Civil Rule 83, a district court may "make and amend rules governing its practice [that] shall be consistent with" the Civil Rules. In this appe assertion that the Maryland Local Rules were inconsistent with the Civil Rules, and they were thus applicable to Thompson's proceedings in the dis

7  Our reading of the applicable rules to require a respondent to serve his answer on a habeas corpus petitioner is further supported by the interpreti should construe statutes and rules so as to avoid raising constitutional questions*See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 689, 121 S.Ct. 2491, (2001) (construing detention provision to contain reasonableness limitation in order to avoid constitutional questions that would otherwise arise). constitutionality of the Habeas Rules would be placed in serious question if they were read to exempt habeas corpus proceedings from the general requirements. *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("[A]t a minimum [the Due Pro

require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing."). Similarly, to read the Ha permitting a respondent to file exhibits that he fails to serve upon a habeas corpus petitioner would essentially allow him to communicate ex parte contrary to one of the basic tenets of our adversary system. *See Doe v. Hampton,* 566 F.2d 265, 276 (D.C.Cir.1977) ("[A]s a general rule, ex parte an adversary party to a decision-maker in an adjudicatory proceeding are prohibited as fundamentally at variance with our conceptions of due proce

8    We have previously indicated, by two unpublished decisions, that the Maryland Attorney General is obliged to serve exhibits to his answers on hab petitioners. First, in*Wright v. Conroy,* we vacated a dismissal of a habeas corpus petition where the Attorney General filed his answer in the distric to serve seventeen exhibits on the petitioner. *See* 37 Fed.Appx. 703, 2002 WL 1357262, at *1 (4th Cir. June 21, 2002). We remanded with instruct that Wright is served with copies of all of the Appellees' exhibits so that he may consider those exhibits in preparing his response." *Id.* at *1-2. In relied upon *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (recognizing that pro se litigants must be notified of their right to respond to su requests). Next, in *Smoot v. Maryland Attorney General,* the Attorney General again failed to serve a petitioner with the exhibits contained in his a Fed.Appx. 236, 2003 WL 21855486, at *1 n. * (4th Cir. Aug.8, 2003). While we resolved the appeal on other grounds, we observed that "the distric failure to have the State serve Smoot with copies of its exhibits." *Id.*

We recognize, of course, that "[i]n the absence of *unusual circumstances,* this Court will not cite an unpublished disposition in any of its published Circuit Local Rule 36(c) (emphasis added). Such circumstances are apparent here: The Attorney General was both a party and counsel in the earlier *States v. O'Day,* 667 F.2d 430, 433-34 (4th Cir.1981) (recognizing "unusual circumstances" where matter involved similar issues and same counsel)

9    The Attorney General also contends, for the first time on appeal, that if a petitioner does not have the exhibits, he can submit a public information State. Because this contention was not raised below, we need not address it here*See Dixon v. Edwards,* 290 F.3d 699 (4th Cir.2002) (observing tha do not ordinarily consider issues raised for first time on appeal).

10    We also deny Thompson's request that, on remand, his case be reassigned to a new judge

OpenJurist.org - Terms of Use

Honorable Judge Deborah Batts Presiding
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Kathryn Jordan,

                                            **AFFIDAVIT OF SERVICE**

--v—

                                         Index No.10616-cv-09
                                                 (DAB)(THK)

Judge Jonathan Lippman, Et Al.,
        Defendants.

-------------------------------------------------------X

       I, Kathryn Jordan, declare under penalty of perjury that I have served a copy of the attached Affidavit upon Defendants (see List) whose address is (see List) via email or messenger today April 29th, 2010 and by US Mail on April 30th, 2010.

Dated:   New York NY

           April 22, 2010                    Kathryn Jordan, 954 Lexington Avenue,
                                                  NY NY 10021   917 596 4617

Cc:

Honorable Theordore Katz

Ms. Monica Connell
ATTORNEY GENERAL
STATE OF NEW YORK
120 Broadway
New York, NY 10278

Mr. Alan Bloom
PAUL HASTINGS
75 East 55th
New York NY 10022

Mr. Jonathan Bruno
Mr. Kristopher Dennis
Kaufman Borgeest
120 Broadway
14th floor
New York NY 10271

Mr. Robert Leonard
Ms. Jane June
DRINKER BIDDLE REATH
140 Broadway
39th flr
New York NY 10005-1116

GENERAL COUNSEL
WPP Group
125 Park Avenue
4th Floor
New York NY 10004

Phillip Touitou
Hinshaw Culberston
780 Third Avenue
New York NY 10017

Todd Belous
Rivkin Radler
926 RXR Plaza
Uniondale NY 11556

David Fish and Rosen Leff
David M Fish Law
3 Park Avenue, 28th floor
New York NY 10016