USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/28/10

PRO SE OFFICE

Honorable Judge Deborah Batts Presiding
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Kathryn Jordan,

                 Plaintiff,

                             **PLAINTIFF'S MOTION**
                             **TO VACATE VOID**
                             **ORDER OF MAY 7TH 2010**
                             **and For Decision on**
                             **Enlargement of Time**

vs.

                             Index  09cv-10616

Judge Jonathan Lippman, Et Al.,
                 Defendants.

-------------------------------------------------------X

       PLEASE TAKE NOTICE that upon the sworn Affidavit and Exhibits herewith, and the Memorandum of Law appended, Plaintiff Kathryn Jordan hereby moves this Court, pursuant to the Federal Rules of Civil Procedure Rule 60 (b)(4) to Vacate the ORDER of this Court dated May 7th, 2010 dismissing the case "in its entirety" and "certifying pursuant to 28 USC 1915 )(a)(3) that any appeal from this Order would not be taken in good faith" and to negate the Decision as VOID.  . It is apparent from the timing of this ORDER that Judge Batts intended to preempt Plaintiff's response and to obstruct Plaintiff's right of due process to respond to Motion's to Dismiss by her adversaries, not only denying her an important constitutional right but refusing to afford her what would be a customary right routinely awarded to attorneys under the same circumstances, much less accommodation for Plaintiff's disability (clearly based on the Court's grotesque bias against the Disabled) and Pro Se status.     It is also apparent that the Court is prospectively attempting to preclude an appeal.  This matter will be heard, even if it must be escalated Certiorari.   While the Court has a right to make preliminary determinations about "jurisdiction",  it does not have the right to dismiss a Complaint with 10 causes of action against 30 defendants on a MTD pleading without the right to respond.

PLAINTIFF asks that the Court consider her outstanding Motion for Enlargement of Time, the second filed, to respond to the approximately 5000 pages of "Motions to Dismiss", and allow her at least 30 days to respond.  PLAINTIFF also asks that Motion for Default Judgment, predicated upon the failure of any of the Defendants to timely respond to the Summons, be adjudicated without further delay as a precedent pleading.

Plaintiff has not filed a  prior similar proceeding.    Plaintiff directs her adversary to file any responses to this MTV within the next 10 days.


BY: _____

KATHRYN JORDAN
PLAINTIFF
954 LEXINGTON AVENUE,
NEW YORK NY 10021
917 596 4617 -2319
212 535 3319 (FAX)
KATHRYNGRACEJORDAN@GMAIL.COM




Cc: Defendant List

Honorable Theordore Katz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KATHRYN JORDAN,

                    Plaintiff,

            -against-

JUDGE JONATHAN LIPPMAN, JUDGE
JUDITH KAYE, JUDGE LUIS GONZALES,
JUDGE ROLANDO T. ACOSTA, JUDGE
JAMES CATTERSON, JUDGE DAVID
FRIEDMAN, JUDGE JOSEPH P. SULLIVAN,
JUDGE PETER TOM, JUDGE MARCY
FRIEDMAN, JUDGE SHIRA S. SCHEINDLIN,
JUDGE GEORGE P. DANIELS, JUDGE
GERARD LYNCH, JUDGE RONALD ELLIS,
SECOND CIRCUIT COURT OF APPEALS (C/O
JUDGE RALPH WINTER & CLERK OF
COURT), NEW YORK COMMISSION ON
JUDICIAL CONDUCT, NEW YORK COUNTY
CLERK, GREGORY HOMER, DONALD
BESHADA, DRINKER BIDDLE, KENNETH
GAGE, PAUL HASTINGS, LAURENCE
LEBOWITZ, KLEIN ZELLMAN, GARY
PHELAN, WAYNE OUTTEN, OUTTEN &
GOLDEN, DAVID M. FISH, ROSEN LEFF,
VERIZON GENERAL COUNSEL, WPP
GENERAL COUNSEL,

                    Defendants.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/10

ORDER

09 Civ. 10616 (DAB)

      Plaintiff Kathryn Jordan ("Jordan" or "Plaintiff") brings

this Complaint pro se,[1] alleging ten[2] causes of action arising

out of several employment discrimination and related legal

actions filed by Plaintiff in New York state and federal courts

_____

      [1] Plaintiff paid the filing fee for this action.

      [2] Plaintiff's Complaint ends with Count Nine, but Plaintiff
has labeled two separate counts of the Complaint as Count Seven.

over the past 15 years.  Named as Defendants in the Complaint are

judges and attorneys, the Second Circuit Court of Appeals and

Clerk of Court, the New York County Clerk, and the New York State

Commission on Judicial Conduct ("the Commission").[3]  Plaintiff

summarizes her case as follows:

> While this case may appear on the surface to be
> a tragic tale of how a group of rogue activist
> judges and Machiavellian attorneys circled the
> wagons around a disabled female victim of
> discrimination virtually entrapping her in a
> legal prison for 15 years, in order to help
> their corrupt clients evade justice, it is
> really a snapshot of a dysfunctional Judicial
> system out of control for decades, lacking both
> leadership and regulation, and a clarion call to
> all that this is just the tip of a very large
> iceberg, one that poses to erupt in scandal that
> will cast a shadow for decades to come if not
> timely and conscientiously addressed.

(Compl. at 9.)  Plaintiff seeks the "impeachment of all named

jurists, and resignation of all clerical personnel" and

Commission leadership, an investigation into and disbarment of

the named attorneys, "full economic, Medical [sic], emotional,

and punitive damages that she should have collected at the time

of filing of her cases of discrimination", double – and in some

cases, triple – punitive damages against Defendants, and "full

restitution for her 15 year ordeal."  (Compl. at 22-23.)

---

[3] The Commission is the state agency responsible for
enforcing New York's judicial conduct rules.  <u>See</u> N.Y. Const.
Art. VI § 22; <u>Spargo v. New York State Comm'n on Judicial
Conduct</u>, 351 F.3d 65, 67 (2d Cir. 2003).

For the reasons set forth below, each of Plaintiff's claims fails either due to lack of standing, lack of subject matter jurisdiction, judicial immunity, or failure to state a claim upon which relief may be granted. The Court accordingly dismisses the Complaint in its entirety.

## I.  BACKGROUND

Plaintiff Kathryn Jordan is a "citizen and resident of New York" who is "disabled with Multiple Sclerosis". (Compl. at 6, 8.)  Plaintiff has filed a number of cases in this District.  In 1996, Plaintiff first commenced an action against Defendant Bates Advertising Holdings, Inc. ("Bates") for employment discrimination.  See Jordan v. Bates Adv. Holdings, Inc., et al., No. 96 Civ. 5851 (JSR), 1999 WL 595669 (S.D.N.Y. Aug. 9, 1999) (dismissing federal disability discrimination claims with prejudice and state law claims without prejudice), aff'd. No. 99-9153, 4 Fed.Appx. 73, 2001 WL 138409 (2d Cir. Feb. 16, 2001). After her case was dismissed from federal court, Plaintiff initially prevailed in a state court action against Bates under the New York State and City Human Rights Laws, see Jordan v. Bates, 816 N.Y.S.2d 310 (N.Y. Sup. 2006), but the Appellate Division reversed the jury verdict and vacated the judgment. Jordan v. Bates, 46 A.D.3d 440 (1st Dept. 2007) (vacating

3

judgment as against the weight of the evidence on the ground that

Plaintiff did not rebut Bates' legitimate non-discriminatory

reasons for her termination).

Plaintiff subsequently returned to this District with two

separate actions against Verizon Corporation ("Verizon") alleging

employment discrimination and related claims.  In Jordan v.

Verizon Corp., No. 08 Civ. 6414 (GEL), 2009 WL 1490813, at *1

(S.D.N.Y. May 27, 2009), appeal pending, No. 09-3318 (2d Cir.),

Judge Lynch summarized Plaintiff's litigation history in this

District against Verizon:

> In 2002, Plaintiff Kathryn Jordan, a former
> employee of Verizon Corporation, brought an
> action against Verizon charging discrimination
> and denial of disability benefits.   That
> action was settled when the parties reached an
> agreement to resolve those claims.  See Jordan
> v. Verizon Corp., No. 02 Civ. 10144 (SAS)
> (S.D.N.Y. Aug. 30, 2002), aff'd No. 04-5581,
> 2005 WL 3116750 (2d Cir. Nov. 22, 2005)
> ("Jordan I").  Jordan then moved to vacate the
> judgment in Jordan I.  See Jordan v. Verizon
> Corp., No. 02 Civ. 10144 (GBD), 2007 WL
> 4591924 (S.D.N.Y. Dec. 27, 2007) (denying
> Jordan's Rule 60(b) motion) ("Jordan II"),
> appeal dismissed, No. 08-1984, slip op. (2d
> Cir. Sept. 25, 2008) ("Jordan III").   While
> Jordan III was pending, Jordan brought a
> second action against Verizon, alleging state
> law breach of written contract, breach of oral
> contract, fraudulent inducement, and breach of
> covenant of good faith and fair dealing, all
> relating to the settlement agreement.

Id.  In his May 27, 2009 Order, Judge Lynch dismissed Plaintiff's

4

amended complaint for lack of subject matter jurisdiction.[4]

The gravamen of Plaintiff's Complaint before this Court is that Defendants conspired together to violate her rights under federal and state law in the hearing and processing of her employment discrimination cases against Bates and Verizon. Specifically, Plaintiff asserts that Defendants engaged in an "elaborate 'case fixing' scheme aimed at depriving her of her rightful remedies as a victim of discrimination," wherein the named judges "chose evidence" and intimidated witnesses "to secure certain case outcomes", "broker[ed] deals" with named attorneys, and were generally biased against her. (Compl. at 7-8.) For example, Plaintiff alleges that in the Bates state court action, Judge Acosta threatened her, "cut a deal" with her attorney, Defendant Lebowitz, to approve a $1.3 million legal contingency fee, and improperly got himself assigned to subsequent cases she filed in order to deny Plaintiff fair access to the court. (See Compl. at 12-13, 17-18.) Plaintiff alleges that Appellate Division Judges Lippman, Catterson, Friedman, Sullivan, and Gonzales "dispens[ed] a large favor" to Judge Acosta when they overturned the jury verdict in Plaintiff's

---

[4] A more detailed discussion of the Verizon litigation is set forth in Judge Lynch's Order dated December 10, 2008. Jordan v. Verizon Corp., No. 08 Civ. 6414 (GEL), 2008 WL 5209989 (S.D.N.Y. Dec. 10, 2008).

favor, and that Judge Kaye "dispensed a favor" to Judge Lippman
when the New York Court of Appeals declined to hear Plaintiff's
appeal. (Id. at 14, 16.) In the Verizon case, Plaintiff claims
that "behind the scenes", Judge Scheindlin "decided that the case
would be settled", and forced Plaintiff into an unfair
settlement, and that Defendant attorneys Phelan, Gage, and Fish
"brokered the secret settlement for Judge Scheindlin". (Compl.
at 18-19.) Plaintiff alleges that Judge Daniels denied her Rule
60(b) motion for reconsideration "despite clear evidence of
duress and coercion". (Id. at 20.)

    In support of her allegations of a wide-ranging conspiracy
and "cover-up", Plaintiff alleges the following: the Commission
failed to sanction the judges Plaintiff complained about; the
Appellate Division reversed the favorable jury verdict four days
before Judge Acosta was promoted to that court; the New York
State Court of Appeals denied Plaintiff's application for leave
to appeal; Judge Friedman dismissed Plaintiff's legal malpractice
actions against the Defendant attorneys in this action; the
County Clerk "failed to deliver" the case record to the Appellate
Division when Plaintiff sought to appeal those dismissals; the
Second Circuit Court of Appeals dismissed her appeal of the
Verizon settlement; Judge Ellis recommended dismissal of
Plaintiff's Rule 60(b) motion; and Judge Daniels dismissed that

motion and "exculpated all of the attorneys".  (See Compl. at 9-22.)

Plaintiff brings ten causes of action pursuant to the United States Constitution, United States Code Title 18, the New York Penal Code, the Racketeering Influenced Corrupt Organizations Act ("RICO"), the New York Rules of Judicial Conduct and Professional Conduct, the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act, and New York State law.  Plaintiff invokes the Court's diversity jurisdiction to support her state law claims, alleging that she was a "resident and citizen" of Florida from 2005 through 2008.  (Compl. at 8.)

## II.  DISCUSSION

A.  Standard of Review

Although detailed allegations are not required, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility," the Supreme Court has explained,

> "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent

7

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). The allegations of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). A pro se plaintiff is not, however, exempt from complying with the relevant rules of procedural and substantive law, Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983), and courts are not obligated to entertain all claims presented, however frivolous. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Heicklen v. Morgenthau, No. 09-1474-CV, 2010 WL 1563470, at *1 (2d Cir. Apr. 20, 2010); Fitzgerald v. First East

8

Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (holding that a district court may dismiss a complaint sua sponte pursuant to § 1915(e) even when plaintiff has paid the required filing fee).


B.    Standing

As a preliminary matter, Plaintiff lacks standing to bring many of the claims she asserts.  The burden of establishing standing rests with the party invoking federal jurisdiction.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  To assert standing, a Plaintiff must "[1] allege personal injury [2] fairly traceable to the Defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief."  Fulani v. Bentsen, 35 F.3d 49, 51-52 (2d Cir. 1994) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).

Plaintiff raises the causes of action asserted in Count One ("Obstruction of Justice") and Count Four ("Bribery and Extortion") under Title 18 of the United States Code and the New York Penal Code.  The provisions under Title 18 under which Plaintiff purports to bring her claims - specifically, 18 U.S.C. §§ 2, 201, 286, 371, 1505, 1511-13, 1519, and 1951 - are criminal statutes.  Generally, violations of the Criminal Code may not serve as the basis for a civil cause of action unless the statute

includes an express or implied private right of action. See Cort
v. Ash, 422 U.S. 66, 79 (1975); Hill v. Didio, 191 Fed.Appx. 13,
14 (2d Cir. 2006) ("A private individual may bring suit under a
federal [criminal] statute only when Congress specifically
intended to create a private right of action"). None of the
provisions plaintiff cites in either Title 18 or the New York
Penal Code includes an express private right of action, nor may
such a right be implied from the language of the statutes.
Further, it is well-established that private citizens lack
standing to force prosecutions in federal court. See Linda R.S.
v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen
lacks a judicially cognizable interest in the prosecution or
nonprosecution of another."). Because Plaintiff lacks standing
to pursue criminal actions against Defendants under either Title
18 or the New York Penal Code, Counts One and Four of the
Complaint must be dismissed.

Plaintiff alleges in Count Seven[5] of the Complaint
violations of the New York Rules of Judicial Conduct, 22 NYCRR
100, and Rules of Professional Conduct, 22 NYCRR 1200,
surrounding the alleged failure of the courts and the Commission

---

[5] As noted above, Plaintiff has named two counts of the
Complaint as Count Seven: "Violation of the Rules of Judicial
Conduct and Professional Conduct" and "Conversion." The Court
refers to and dismisses the former here (and the latter, below).

10

to investigate the alleged misconduct of the judges and lawyers named as Defendants in this action. However, a non-party to a disciplinary procedure generally has no legally-protected interest that is affected by a failure to investigate or sanction. See Esposito v. New York, et al., No. 07 Civ. 11612 (SAS), 2008 WL 3523910, at *13 (S.D.N.Y. Aug. 8, 2008). In the absence of such an interest, a plaintiff has no standing to assert a claim. Id. (citing Lujan, 504 U.S. at 560). As such, Plaintiff lacks standing to bring the claims she has asserted in Count Seven, and that Count is dismissed.

C.    Immunities

     i.  Judicial Immunity

     Counts Eight ("Denial of Right to Due Process") and Nine ("Libel and Slander by a Judge") of the Complaint are directed against only the Defendant judges named in this action. Judges have absolute immunity from suit for acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). This "judicial immunity is not overcome by allegations of bad faith or malice," id., nor can a judge "be deprived of immunity because the action he took was in error, . . . or was in excess of his authority[.]" Stump v. Sparkman, 435 U.S. 349, 356 (1978); Esposito, 2008 WL 3523910, at *10-11 ("Even if a judge

11

acts maliciously, a litigant's remedy is to appeal, not to sue the judge."). Judicial immunity for judicial acts can be overcome only where a judge completely lacks jurisdiction over the subject matter of a case. <u>Mireles</u>, 502 U.S. at 11. This immunity likewise extends to "others who perform functions closely associated with the judicial process", <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 200 (1985), and "supporting officers" of the court, <u>Esposito</u>, 2008 WL 3523910, at *11, including court clerks when performing discretionary acts of a judicial nature essential to the judicial process. <u>See Rodriguez v. Weprin</u>, 116 F.3d 62, 66 (2d Cir. 1997).

All of Plaintiff's claims against the named judges, the Second Circuit Court of Appeals, the Second Circuit Clerk of Court,[6] and the New York County Clerk (First Department) arise out of their respective judicial acts, performed within the scope of their official duties, and are therefore foreclosed by judicial immunity. As such, Counts Eight and Nine of the Complaint are dismissed in their entirety, as are all claims against these Defendants asserted in the remaining Counts of the

---

[6] Plaintiff has named the "Second Circuit Court of Appeals (C/O Judge Ralph Winter & Clerk of Court)" as a Defendant in this action. The Court construes Plaintiff's Complaint liberally as asserting claims against the Court of Appeals as well as Judge Winter and the Clerk of Court.

Complaint.  See 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that" the action "(i) is frivolous or . . . . seeks monetary relief against a defendant who is immune from such relief."); Fitzgerald, 221 F.3d at 363-64; Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'").


ii.  Sovereign Immunity

With all judicial Defendants immune from suit, only one government Defendant remains: the New York State Commission on Judicial Conduct.  The Eleventh Amendment to the United States Constitution bars from federal court suits brought by a private party against nonconsenting states.[7]  See Board of Trustess v. Garrett, 531 U.S. 356, 363-64 (2001).  A private citizen cannot sue a State in federal court unless the State has consented or Congress has abrogated that immunity.  See Seminole Tribe of Fla.

_____

[7]The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Although the text of the Amendment suggests otherwise, the Supreme Court has explained that the Eleventh Amendment also provides states with immunity in federal court from suits brought by their own citizens.  See Hans v. Louisiana, 134 U.S. 1 (1890).

13